## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHAYA RESTAURANT, L.L.C.**                                    **CIVIL ACTION**

**Plaintiff,**

**VERSUS**                                                     **NO.: 17-cv-10935**

**ALON SHAYA**; **CHEF ALON SHAYA, LLC; and POMEGRANATE HOSPITALITY, LLC.**

**Defendants.**

---

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Shaya Restaurant, L.L.C. ("Shaya Restaurant"), in support of its Complaint for Declaratory Judgment against Defendants Alon Shaya ("Alon"), Chef Alon Shaya, LLC ("CAS"), and Pomegranate Hospitality, LLC ("Pomegranate") alleges and states as follows:

### Parties

1.      Plaintiff Shaya Restaurant is a limited liability company registered under the laws of the State of Louisiana, registered to and doing business in Louisiana with its principal place of business at 4213 Magazine St., New Orleans, Louisiana 70115.

2.      Defendant Alon is a natural person who, upon information and belief, is domiciled in the Parish of Orleans, State of Louisiana.

3.      Defendant CAS is a limited liability company organized under the laws of the State of Louisiana.

4.      Defendant Pomegranate is a limited liability company organized under the laws of the State of Louisiana.

1

## Jurisdiction and Venue

5.      This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq*.

6.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201-02.

7.      This Court has personal jurisdiction over Alon who, upon information and belief, is domiciled in the Parish of Orleans, State of Louisiana, and over both CAS and Pomegranate, which are both limited liability companies organized under the laws of the State of Louisiana.

## Facts and Background

8.      Shaya Restaurant is one of the restaurants in the Besh Restaurant Group ("BRG") family of restaurants. BRG, run by Chef John Besh and Octavio Mantilla, has been a major driving force in the growth and revitalization of New Orleans's restaurant scene and storied culinary history.

9.      After growing up in southeastern Louisiana, John Besh joined the Marines right out of high school. He trained at the Culinary Institute of America and, although he graduated, his training was cut slightly short when he was deployed to Kuwait during the Gulf War. John has gone on to become a nationally-acclaimed, award-winning chef, best-selling author, and television personality. He has used his access to the national spotlight to serve as an ambassador for his childhood cuisine. And it has also been a significant factor in BRG's success in attracting top talent, creating public interest in BRG's new restaurants, and building a brand associated with culinary excellence.

10.     Octavio Mantilla first began working in New Orleans restaurants at age sixteen and worked his way up in restaurant management. After earning his bachelor's degree from Tulane

University and MBA from the University of New Orleans, Octavio helped open Harrah's Casino & Hotel in New Orleans. He later served as Harrah's Director of Food Operations in St. Louis. Octavio went on to open numerous fine dining restaurants for Harrah's nationwide before returning to New Orleans to be reunited with his friend John Besh at Besh Steak in Harrah's and joining John as a member of BRG.

11.     To date, over a dozen restaurants under the BRG umbrella have opened to critical acclaim both locally and nationally, receiving numerous accolades, awards, and public recognition the world over. BRG's flagship restaurant, Restaurant August, is a Gayot Top 40 Restaurant and a Wine Enthusiast Top 100 Restaurant, and was a 2012 and 2013 James Beard Nominee for Outstanding National Restaurant. BRG most recently spearheaded the resurrection of the Caribbean Room as part of the renovation of the historic Pontchartrain Hotel in New Orleans.

12.     BRG has been able to attract talented and aspiring cooks from around the country to train under Chef John Besh and the growing number of award-winning chefs within the BRG family of restaurants. A number of those chefs have gone on to open restaurants in collaboration with BRG. With the resources of BRG, these restaurants have generated significant interest prior to their highly-anticipated and successful openings to rave reviews by guests and critics alike.

13.     Alon was one such chef who rose through BRG. When Alon was working at Antonio's Ristorante at Harrah's in St. Louis, he met Octavio, who recruited Alon to New Orleans to train under Chef John Besh, serving as the Chef du Cuisine at Besh Steak. Alon also worked under John at Restaurant August. In 2009, BRG opened Domenica, naming Alon as executive chef. The restaurant has been very successful, and, in 2015, Alon collaborated with BRG to open Pizza Domenica.

14.     In October of 2014, John, Octavio, and Alon formed Shaya Restaurant, which, on or about February 13, 2015, began to operate the newest restaurant in the BRG family of restaurants: "Shaya," which features a modern take on Israeli cuisine by combining Southern flavors and contemporary techniques with traditional Israeli ingredients. In Hebrew, the word "Shaya" means "gift of God" or "worthy."

15.     Due to BRG's extensive marketing efforts, the opening of Shaya was one of the most anticipated restaurant openings in years. BRG built a sustained public relations campaign nationwide for Shaya lasting well into the 2016 awards season in which Shaya won the prestigious James Beard Award for Best New Restaurant. Additionally, Bon Appetit named Shaya one of the top 50 new restaurants in America, and Food and Wine named it as one of the top 10 new U.S. restaurants.

16.     Shaya has continued to receive national acclaim, drawing diners to New Orleans to Shaya from around the country. The restaurant repeatedly features in national media outlets, and consistently ranks highly among New Orleans restaurants on popular travel websites.

17.     Through great effort and expense since its inception three years ago, Shaya Restaurant has promoted its restaurant and its trademark:



18.     The mark "Shaya" is widely recognized by the general consuming public as the name of a critically-acclaimed, award-winning restaurant on Magazine Street in New Orleans.

19.     On September 18, 2017, Alon ceased to be a member of Shaya Restaurant or to be employed in the restaurant.

20.     On September 18, 2017, CAS filed with the United States Patent and Trademark Office ("USPTO") Trademark/Service Mark Application, bearing Serial Number 87612542 (the "Federal Trademark Application"), for the mark "Shaya" in International Class 043: Restaurant services.

21.     In the Federal Trademark Application, CAS asserted that the date for "first use anywhere" and "first use in commerce" by CAS were both "[a]t least as early as 01/01/2000."

22.     CAS was formed on or about December 17, 2015.

23.     Shaya Restaurant, however, was first to use the mark "Shaya" in commerce and has continued to do so in connection with its restaurant since 2014.

24.     In the Federal Trademark Application, CAS asserted that "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce."

25.     In an exhibit to the Federal Trademark Application, Alon indicated his consent to the registration of the mark "Shaya" by CAS.

26.     On October 18, 2017, through counsel, Alon sent to counsel for Shaya Restaurant a letter (the "Cease and Desist Letter") claiming ownership of the trademark "Shaya" and demanding that Shaya Restaurant "[c]ease and desist from using the name of 'Shaya' or any derivation thereof regarding any restaurant…" and further demanding, *inter alia*, that Shaya Restaurant do the following:

> Change the name of "Shaya" Restaurant to another name that has no confusion with Alon Shaya in any way, shape or fashion, so that your clients cannot trade off of the name or brand of "Shaya" at any time now or in the future. This prohibition shall also include no reference that your new name of the restaurant was formerly known as "Shaya", i.e., there shall be no reference to the fact that this

restaurant was or ever had the name of "Shaya" in any marketing, social media, promotional materials, etc.

27.     Through his attorney, Alon threatened imminent legal action against Shaya Restaurant if it did not agree to the terms in the Cease and Desist letter in writing by October 23, 2017. The letter stated as follows:

> I will seek all available remedies at law, including the right to seek injunctive relief demanding that your clients refrain from using my client's name. I will not only be seeking injunctive relief, but I will be seeking damages for all revenues and profits regarding your prohibited use of the name "Shaya" with regard to any restaurant or hospitality business from this date forward.

28.     Through his attorney, Alon has alleged that Shaya Restaurant's continued use of the trademark "Shaya" is likely to cause confusion and/or mistake among the consuming public. Alon alleged, "Consumers will certainly be confused if they have dinner at 'Shaya' Restaurant expecting Alon Shaya is in control, when Alon Shaya has no affiliation with the 'Shaya' Restaurant."

29.     Upon information and belief, Alon, individually, or through and/or in conjunction with CAS, Pomegranate, and/or other persons or entities, intends to open and operate one or more restaurants named "Shaya" in the New Orleans metropolitan area.

30.     Any such restaurant, as referenced in Paragraph 29, would compete with Shaya Restaurant's award-winning, nationally-acclaimed restaurant of the same name.

31.     Any such restaurant, as referenced in Paragraph 29, would cause confusion and/or mistake among the public as to such restaurant's affiliation with Shaya Restaurant's award-winning, nationally-acclaimed restaurant of the same name.

32.     Upon information and belief, Alon, individually, or through and/or in conjunction with CAS, Pomegranate, and/or other persons or entities, intends to open and operate one or more restaurants named "Shaya" in other locations around the United States.

33.    Any such restaurant, as referenced in Paragraph 32, would compete with Shaya Restaurant's award-winning, nationally-acclaimed restaurant of the same name, which draws customers from around the country.

34.    Any such restaurant, as referenced in Paragraph 32, would cause confusion and/or mistake among the public as to such restaurant's affiliation with Shaya Restaurant's award-winning, nationally-acclaimed restaurant of the same name.

35.    CAS's actions in seeking to register a federal trademark for "Shaya" and Alon's claims and demands made on behalf of himself, CAS, Pomegranate, and/or others have created a reasonable apprehension of litigation and have placed a cloud over Shaya Restaurant's use of the "Shaya" mark and thereby caused uncertainty to Shaya Restaurant in connection with its business.

36.    An actual justiciable controversy exists between the parties based on the actions and demands of the Defendants. So that it may continue to use the "Shaya" mark without interference from the Defendants, Shaya Restaurant desires to promptly resolve this controversy and establish that it has the legal right to continue to use the mark "Shaya" and that its use does not infringe on any rights of the Defendants.

## COUNT I

## Declaration of Non-Infringement

37.    Shaya Restaurant repeats the allegations above as if fully set forth herein.

38.    An actual justiciable controversy exists before this Court with respect to whether Shaya Restaurant's use of the "Shaya" mark infringes the trademark and/or trade dress rights claimed by the Defendants. The controversy is substantial, between parties having adverse legal interests, and of sufficient immediacy and reality as to warrant the issuance of a declaratory judgment.

39.     Shaya Restaurant, therefore, requests a declaration that its continued use of the "Shaya" mark does not infringe the trademark and/or trade dress rights claimed by the Defendants, or otherwise create any likelihood of confusion under the Lanham Act, including, but not limited to, 15 U.S.C. § 1125, and at state or common law.

## COUNT II

## Declaration of Non-Dilution

40.     Shaya Restaurant repeats the allegations above as if fully set forth herein.

41.     An actual justiciable controversy exists before this Court with respect to whether Shaya Restaurant's use of the "Shaya" mark dilutes the trademark rights claimed by the Defendants or otherwise creates any likelihood of dilution under the Lanham Act, including, but not limited to, 15 U.S.C. § 1125, and at state or common law. The controversy is substantial, between parties having adverse legal interests, and of sufficient immediacy and reality as to warrant the issuance of a declaratory judgment.

42.     Shaya Restaurant, therefore, requests a declaration that its continued use of the "Shaya" mark does not dilute the trademark rights claimed by the Defendants, or otherwise create any likelihood of confusion under the Lanham Act, including, but not limited to, 15 U.S.C. § 1125, and at state or common law.

## COUNT III

## Declaration of Impending Infringement

43.     Shaya Restaurant repeats the allegations above as if fully set forth herein.

44.     An actual justiciable controversy exists before this Court with respect to whether the impending use of the trademark "Shaya" by Alon, individually, or through and/or in conjunction with CAS, Pomegranate, and/or others, infringes on trademark rights of Shaya Restaurant, which rights were established by first use, and creates likelihood of confusion and

mistake under the Lanham Act, including, but not limited to, 15 U.S.C. § 1125, and at state and common law. The controversy is substantial, between parties having adverse legal interests, and of sufficient immediacy and reality as to warrant the issuance of a declaratory judgment.

45.     Shaya Restaurant, therefore, requests a declaration that the impending use by Alon, individually, or through and/or with others, infringes on trademark rights of Shaya Restaurant, which rights were established by first use, and create likelihood of confusion and mistake under the Lanham Act, including, but not limited to, 15 U.S.C. § 1125, and at state and common law.

## PRAYER

WHEREFORE, Shaya Restaurant respectfully requests that the Court enter judgment as follows:

(a)     Declaring that Shaya Restaurant's continued use of the Shaya trademark does not infringe the trademark or trade dress rights claimed by the Defendants;

(b)     Declaring that Shaya Restaurant's continued use of the Shaya trademark does not dilute the trademark or trade dress rights claimed by the Defendants;

(c)     Declaring that the impending use by any or all of the Defendants of the trademark "Shaya" in connection with any restaurant infringes upon the trademark rights of Shaya Restaurant;

(d)     Ordering that Shaya Restaurant recover its costs and reasonable attorney fees in this action; and

(e)     Ordering that Shaya Restaurant recover any such other relief as the Court may deem appropriate.

Respectfully submitted,

Date: October 20, 2017

/s/ *Richard C. Stanley*
Richard C. Stanley, 8487 T.A.
Bryan C. Reuter, 23910
Jennifer L. Thornton, 27109
Brendan A. Curtin, 35732
STANLEY, REUTER, ROSS,
  THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone:   504-523-1580
Facsimile:   504-524-0069

*Counsel for Shaya Restaurant, L.L.C.*